# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **KAREN HAYES PHILLIP,** | ) **Civil No. 1:20-cv-00540** |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **COMPLAINT and** |
| **MCGILL BAPTIST CHURCH, INC.,** | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |

Plaintiff, Karen Hayes Phillip ("Plaintiff" or "Hayes Phillip"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.*, against Defendant McGill Baptist Church, Inc. ("Defendant" or "McGill Baptist Church").

## NATURE OF PLAINTIFF'S CLAIMS

1.      Plaintiff is a former Teacher at Defendant's Child Development Center.  Defendant required Plaintiff to attend unpaid mandatory training courses during her employment as a condition of her continued employment.  Plaintiff's time spent attending the training courses was compensable work time under the NCWHA and FLSA.  Defendant's failure to compensate Plaintiff for the time she spent attending the mandatory training courses violates the FLSA and NCWHA.

2.      Plaintiff also brings a claim for retaliation under the FLSA.  Shortly before her termination, Plaintiff made multiple complaints to Defendant's Executive Director of its Child Development Program about Defendant requiring her to participate in mandatory unpaid training

courses. Plaintiff also informed the Executive Director just before her termination that the FLSA required Defendant to compensate her for the time she spent taking the training courses at Defendant's direction. Defendant terminated Plaintiff's employment because she engaged in protected activity by protesting Defendant's unlawful compensation policies under the FLSA.

## **THE PARTIES**

3.      Plaintiff is adult individual who is a resident of Concord, North Carolina

4.      Defendant is a North Carolina corporation with its principal place of business located at 5300 Poplar Tent Road, Concord, NC 28027.

## **JURISDICTION AND VENUE**

5.      The Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6.      The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendant's unlawful policies and practices related to Plaintiff's compensation.

7.      This Court has personal jurisdiction because Defendant conducts business in Cabarrus County, North Carolina, which is located within this judicial district.

8.      Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Cabarrus County, North Carolina.

## COVERAGE ALLEGATIONS

9.      At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12.     At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13.     At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

14.     At all times hereinafter mentioned, Defendant was an employer within the meaning of 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

## PLAINTIFF'S FACTUAL ALLEGATIONS

15.     Defendant is a religious organization which operates a Child Development Center providing childcare and child development services in Concord, North Carolina.

16.     Defendant employed Plaintiff as an hourly-paid teacher from approximately June 26, 2019, until February 18, 2020, in its Child Development Center.  In this role, Plaintiff educated

3

and provided care for students of the Child Development Center. Plaintiff was a non-exempt employee under the FLSA entitled to payment of at least the statutory minimum wage for all hours she was suffered or permitted to work.

17. On or about June 26, 2019, Defendant's Executive Director of its Child Development Center, Shannon Von Kaenel ("Von Kaenel") informed Plaintiff that Defendant required her to obtain multiple childcare-related certifications as a condition of her employment with Defendant. As a necessary precursor to obtaining the required certifications, Plaintiff attended training courses.

18. On or about August 1, 2019, Plaintiff attended the "American Red Cross Cardiopulmonary Resuscitation (CPR)" course, which Defendant required Plaintiff and other employees of the Child Development Center to attend. As of the date of the filing of this Complaint, Plaintiff has not been compensated for any of the time she spent attending this course.

19. On or about August 10, 2019, Plaintiff attended the "Sudden Infant Death Syndrome and Use of Safe Sleeping Practices," which Defendant required Plaintiff and other Child Development Center employees to attend. As of the date of the filing of this Complaint, Plaintiff has not been compensated for any of the time she spent attending this course.

20. Plaintiff attended additional mandatory training courses, other than those described in Paragraphs 14 and 15, above during her employment with Defendant. As of the date of the filing of this Complaint, Defendant has not compensated Plaintiff for any of the time she spent attending the mandatory training courses.

21. On or about February 18, 2020, Plaintiff emailed Von Kaenel and objected to attendance at mandatory training courses without pay. Plaintiff also asserted in the email that the FLSA required Defendant to compensate her for the time she spent attending training programs

4

because of their involuntary nature. Plaintiff further stated that she would complete the remaining training programs Defendant required if Defendant would compensate her for attending the training programs. Von Kaenel responded to Plaintiff's objections with an email directed to Plaintiff that read: "It doesn't work like that. Your training hours are not covered. Please let me know if you will be completing this training as it will need to be completed before returning to McGill. Thanks."

22. Von Kaenel's email constituted a termination of Plaintiff's employment. Von Kaenel terminated Plaintiff's employment because Plaintiff raised issues about Defendant requiring her to attend training courses without pay in violation of the FLSA.

<u>**COUNT I**</u>

**(Violation of FLSA – Minimum Wages)**

23. Plaintiff incorporates by reference paragraphs 1 through 22 of her Complaint.

24. Count I arises from Defendant's violation of the FLSA for its failure to timely pay all minimum wages Plaintiff earned during her attendance of the mandatory training programs described above.

25. Defendant violated the FLSA by failing to timely pay Plaintiff at least the statutory minimum wage required by the FLSA during her attendance of the mandatory training programs described above.

26. Defendant's violation of the FLSA was willful.

<u>**COUNT II**</u>

**(Violation of NCWHA – Unpaid Wages)**

27. Plaintiff incorporates by reference paragraphs 1-26 of her Complaint.

28.     Plaintiff's NCWHA claim arises from Defendant's policy and practice of failing to pay her for the time she spent attending mandatory training programs violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

29.     Defendant failed to pay, and failed to timely pay, all wages earned by Plaintiff on her regularly scheduled paydays, including the next regular payday following the separation of Plaintiff's employment.

30.     Defendant's conduct was willful.

## COUNT III

### (Violation of FLSA – Retaliation)

31.     Plaintiff incorporates by reference paragraphs 1-30 of her Complaint.

32.     Defendant has violated and is violating the provisions of 29 U.S.C. § 215(a)(3) by terminating Plaintiff's employment because she opposed working without pay in violation of the FLSA and requested to be paid for the time she spent attending mandatory training programs in order to comply with the FLSA.

33.     Defendant acted willfully in terminating Plaintiff's employment in violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a)      An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid minimum wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

6

b)      An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendant liable for unpaid wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c)      An Order pursuant to 29 U.S.C. § 216(d) finding the Defendant liable for lost wages and liquidated damages resulting from Defendant's unlawful termination of Plaintiff in violation of 29 U.S.C. § 215(a)(3).

d)      An Order awarding the costs of this action;

e)      An Order awarding reasonable attorneys' fees;

f)      A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

g)      A Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with the wage payment requirements of the NCWHA;

h)      A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by terminating Plaintiff's employment in retaliation for her protesting Defendant's unlawful compensation policies;

i)      An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j)      An Order granting such other and further relief as may be necessary and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated: June 16, 2020

Respectfully submitted,

 /s/ Jason S. Chestnut
Jason S. Chestnut NCSB # 52066
Philip J. Gibbons, Jr. NCSB #50276
Craig L. Leis NCSB #48582
GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038
E-Mail:  jason@gibbonsleis.com
             phil@gibbonsleis.com
             craig@gibbonsleis.com

8